STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss                            CR-09-230

STATE OF MAINE

V.                                      ORDER ON DEFENDANT'S MOTION
                                        TO DISMISS

RAYMOND BELLAVANCE


The Court has now had the opportunity to review the parties' filings and exhibits, as well as transcripts. The Defendant is asking the court to dismiss this indictment alleging that the State of Maine filed to provide exculpatory and impeachment information and evidence regarding Krista MacIntyre's relationship with Jason Lunt, and information from a confidential informant, CI-09-49, who testified at hearing on this motion. The defense claims that the State, through the District Attorney's Office, has been on notice regarding problems with the State Fire Marshall's provision of discovery in this and other cases, given Attorney Flick's letter to the DA's Office, and Justice Mills' decision dismissing with prejudice the indictment in *State v. Davis,* CR-09-49.

The State has responded by acknowledging that information regarding Mr. Lunt was not provided, but that it was already known by the Defendant personally, and further that the information is not exculpatory. It also acknowledges that information regarding CI-09-49 was not provided as completely as it should have been, in that this person was identified by Det. MacMaster by name in one report, but not by Det. Morin, who simply identified the person as an informant. The State asserts that neither the DA's Office nor

1

certain other officers involved in the case knew they were the same person until the defense so advised. Obviously, the defendant could not know absent an order requiring disclosure, or disclosure by the State, or as happened, fortuitous discovery of the connection. The State further argues that CI-09-49's testimony at hearing was inconsistent and unreliable, and denies that any police officer told the CI to engage in any illegal conduct such as to get "high" with the Defendant in order to induce him to confess to the arson. The State claims that the CI's testimony regarding the CI's motivation to cooperate with law enforcement – being on probation, facing almost certain revocation – is not exculpatory in any event. Finally, the State asserts that statements made to the CI in which he adamantly denied involvement, was new information that they had no opportunity to disclose, and simply not worthy of belief.

The Court finds that the District Attorneys Office did not act with any intention to prevent disclosure of exculpatory information, but also finds that evidence regarding Ms. MacIntyre's relationship with Mr. Lunt is arguably exculpatory. Even if the defendant believed that they had a relationship, any evidence corroborating that belief might be relevant and of assistance in developing a defense. Whether that evidence would ultimately admissible is not the question at this stage of the proceedings. The Court also finds that information regarding CI-09-49's motivations and claims of inducements would be subject to automatic disclosure had law enforcement provided that information to the District Attorney's Office. The Court also is confident, that had the DA's Office been aware of this information, it would have been provided by them directly to the defense, at least as to the issue of the informant's probationary status, and the new criminal charges that could have been brought.

2

The Court declines to make any findings with respect to the claims made by CI-09-49 at hearing, as it will be for the jury to determine that individual's credibility, should the informant be called as a witness by either party.

The Court concludes that the sanction requested – that of dismissal – is not warranted. Unlike the sanction imposed by Justice Mills in *State v. Davis,* this court has not previously issued orders that were not apparently complied with. In addition, because the issues and problems have been appropriately recognized and brought to the court's attention, it is not too late for either side to develop this information in order to receive a fair trial.

The entry will be: Motion to Dismiss is denied. The Court orders that the parties will confer with the Court on September 7, 2011. At that time the Court will issue an appropriate order, after giving the parties an opportunity to be heard. The Order will require the State to scrupulously ensure that all exculpatory evidence known to any law enforcement agency involved in the case has been disclosed. It will also require the State to report to the court the efforts it has made to "audit" and inventory all reports, exhibits, and recordings, and it will provide for a deadline for the State to provide the information to the defense. If the defense can be ready for trial during the October 2011 trial term, the court will set a date certain for that purpose. Any violation of this order, or the order to be issued on September 7, 2011, may result in dismissal of the charges against the defendant.

$8/18/11$

**DATE**

**SUPERIOR COURT JUSTICE**

STATE OF MAINE
  vs
RAYMOND  BELLAVANCE
43 MAIN STREET
WINTHROP ME 04364

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2010-00230

**DOCKET RECORD**

DOB: 02/27/1961
Attorney: ROBERT RUFFNER
         ROBERT J RUFFNER ATTORNY AT LAW
         80 EXCHANGE ST., SUITE 32
         PORTLAND ME 04101
         APPOINTED 11/02/2010

State's Attorney: EVERT FOWLE

Filing Document: CRIMINAL COMPLAINT
Filing Date: 04/05/2010

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   ARSON                                06/03/2009 **VASSALBORO**
Seq 776   17-A  802(1)(A)        Class A

2   ARSON                                06/03/2009 **VASSALBORO**
Seq 4539  17-A  802(1)(B)(2)     Class A  Charged with INDICTMENT on Supplem

## Docket Events:

04/05/2010 FILING DOCUMENT -   CRIMINAL COMPLAINT FILED ON 04/05/2010

04/05/2010 Charge(s): 1
         WARRANT -  ON AFFIDAVIT REQUESTED ON 04/05/2010

04/05/2010 Charge(s): 1
         WARRANT -  ON AFFIDAVIT ORDERED ON 04/05/2010
         CHARLES  DOW , JUDGE
04/05/2010 BAIL BOND - $1,000,000.00 SURETY BAIL BOND SET BY COURT ON 04/05/2010
         CHARLES  DOW , JUDGE
         OR 200,000 CASH
04/05/2010 Charge(s): 1
         WARRANT -  ON AFFIDAVIT ISSUED ON 04/05/2010

04/05/2010 MOTION -   MOTION TO IMPOUND FILED BY STATE ON 04/05/2010

         MOTION TO IMPOUND AFFIDAVIT AND ARREST WARRANT
04/05/2010 MOTION -   MOTION TO IMPOUND GRANTED ON 04/05/2010
         NANCY  MILLS , JUSTICE
         COPY TO PARTIES/COUNSEL
05/14/2010 Charge(s): 1
         WARRANT -  ON AFFIDAVIT EXECUTED ON 05/14/2010

         ARRESTED BY SOUTH CAROLINA STATE POLICE
05/14/2010 Charge(s): 1
         WARRANT -  ON AFFIDAVIT RETURNED ON 05/14/2010

05/21/2010 Charge(s): 1
        MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/21/2010


05/27/2010 Charge(s): 1
        PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 05/21/2010


05/27/2010 HEARING -  STATUS CONFERENCE SCHEDULED FOR 07/27/2010 at 10:00 a.m.


05/27/2010 Charge(s): 1
        MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/24/2010
        NANCY  MILLS , JUSTICE
        COPY TO PARTIES/COUNSEL
05/27/2010 Party(s):  RAYMOND BELLAVANCE
        ATTORNEY -  APPOINTED ORDERED ON 05/24/2010

        Attorney:  JAMES FLICK
05/27/2010 HEARING -  STATUS CONFERENCE NOTICE SENT ON 05/27/2010


06/04/2010 MOTION -  MOTION TO IMPOUND VACATED ON 05/21/2010
        RICHARD  MULHERN , JUDGE
06/04/2010 BAIL BOND - $200,000.00 CASH BAIL BOND SET BY COURT ON 05/21/2010
        RICHARD  MULHERN , JUDGE
        OR 1,000,000, BAIL MAY BE REVIEWED
07/02/2010 HEARING -  STATUS CONFERENCE NOT HELD ON 07/02/2010


07/02/2010 Charge(s): 1,2
        SUPPLEMENTAL FILING -  INDICTMENT FILED ON 07/01/2010


07/02/2010 Charge(s): 1,2
        HEARING -  ARRAIGNMENT SCHEDULED FOR 07/27/2010 at 10:00 a.m.


07/02/2010 Charge(s): 1,2
        HEARING -  ARRAIGNMENT NOTICE SENT ON 07/01/2010


07/27/2010 Charge(s): 1,2
        HEARING -  ARRAIGNMENT HELD ON 07/27/2010
        NANCY  MILLS , JUSTICE
        Reporter: JANETTE COOK
        Defendant Present in Court

        READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
        DEFENDANT.  21 DAYS TO FILE MOTIONS
07/27/2010 Charge(s): 1,2
        PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 07/27/2010


07/27/2010 Charge(s): 1,2
        TRIAL -  DOCKET CALL SCHEDULED FOR 09/08/2010 at 10:15 a.m.


07/27/2010 BAIL BOND - $200,000.00 CASH BAIL BOND SET BY COURT ON 07/27/2010
        NANCY  MILLS , JUSTICE
        OR 1,000,000 SURETY, NO CONTACT WITH DONALD CRABTREE AND NOT TO ENTER RESIDENCE, PLACE OF
        EMPLOYMENT, PLACE OF EDUCATION, MAY BE REVIEWED.
09/02/2010 MOTION -  MOTION TO CHANGE VENUE FILED BY DEFENDANT ON 09/02/2010

          Attorney:  JAMES FLICK
09/08/2010 HEARING -  MOTION TO CHANGE VENUE SCHEDULED FOR 09/09/2010 at 08:30 a.m.

          NOTICE  TO PARTIES/COUNSEL
09/20/2010 HEARING -  MOTION TO CHANGE VENUE CONTINUED ON 09/09/2010

09/20/2010 HEARING -  MOTION TO CHANGE VENUE SCHEDULED FOR 10/12/2010 at 01:00 p.m.

          NOTICE  TO PARTIES/COUNSEL
09/20/2010 HEARING -  MOTION TO CHANGE VENUE NOTICE SENT ON 09/20/2010

10/12/2010 HEARING -  MOTION TO CHANGE VENUE CONTINUED ON 10/12/2010

10/12/2010 HEARING -  MOTION TO CHANGE VENUE SCHEDULED FOR 11/04/2010 at 08:30 a.m.

          NOTICE  TO PARTIES/COUNSEL
10/12/2010 HEARING -  MOTION TO CHANGE VENUE NOTICE SENT ON 10/13/2010

10/28/2010 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 10/28/2010

10/28/2010 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 10/28/2010

11/03/2010 MOTION -  MOTION TO CONTINUE GRANTED ON 11/02/2010
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
11/03/2010 HEARING -  MOTION TO CHANGE VENUE CONTINUED ON 11/02/2010

11/03/2010 Charge(s): 1,2
          TRIAL -  DOCKET CALL CONTINUED ON 09/08/2010

11/03/2010 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 11/02/2010
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
11/03/2010 Party(s):  RAYMOND BELLAVANCE
          ATTORNEY -  WITHDRAWN ORDERED ON 11/02/2010

          Attorney:  JAMES FLICK
11/03/2010 Party(s):  RAYMOND BELLAVANCE
          ATTORNEY -  APPOINTED ORDERED ON 11/02/2010

          Attorney:  ROBERT RUFFNER
11/03/2010 HEARING -  MOTION TO CHANGE VENUE SCHEDULED FOR 11/22/2010 at 08:30 a.m.

          NOTICE  TO PARTIES/COUNSEL
11/03/2010 HEARING -  MOTION TO CHANGE VENUE NOTICE SENT ON 11/03/2010

12/02/2010 HEARING -  MOTION TO CHANGE VENUE HELD ON 11/22/2010
          ROBERT E MURRAY JR, JUSTICE
          Attorney:  ROBERT RUFFNER
          DA:  ALAN KELLEY
          Defendant Present in Court

TAPE#1374, INDEX#5960-7115 AND 1375, INDEX#000-497
12/02/2010 MOTION - MOTION TO CHANGE VENUE UNDER ADVISEMENT ON 11/22/2010
        ROBERT E MURRAY JR, JUSTICE
12/02/2010 MOTION - MOTION TO CHANGE VENUE DENIED ON 11/30/2010
        ROBERT E MURRAY JR, JUSTICE
        COPY TO PARTIES/COUNSEL
12/02/2010 Charge(s): 1,2
        TRIAL - DOCKET CALL SCHEDULED FOR 01/04/2011 at 11:00 a.m.


12/30/2010 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 12/30/2010


01/05/2011 MOTION - MOTION TO CONTINUE GRANTED ON 01/03/2011
        ROBERT E MURRAY JR, JUSTICE
        COPY TO PARTIES/COUNSEL
01/05/2011 Charge(s): 1,2
        TRIAL - DOCKET CALL CONTINUED ON 01/04/2011


01/05/2011 Charge(s): 1,2
        TRIAL - DOCKET CALL SCHEDULED FOR 03/10/2011 at 08:30 a.m.


03/17/2011 Charge(s): 1,2
        TRIAL - DOCKET CALL HELD ON 03/10/2011
        ROBERT E MURRAY JR, JUSTICE
        Attorney: ROBERT RUFFNER
        DA: ALAN KELLEY
        Defendant Present in Court
03/17/2011 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 03/10/2011


03/17/2011 HEARING - MOTION TO DISMISS SCHEDULED FOR 03/25/2011 at 08:30 a.m.
        ROBERT E MURRAY JR, JUSTICE
        NOTICE TO PARTIES/COUNSEL
03/17/2011 HEARING - MOTION TO DISMISS NOTICE SENT ON 03/17/2011


03/17/2011 Charge(s): 1,2
        TRIAL - DOCKET CALL SCHEDULED FOR 09/07/2011 at 01:00 p.m.


03/22/2011 HEARING - MOTION TO DISMISS CONTINUED ON 03/22/2011


        PARTIES MET IN CHAMBERS AND JUDGE ORDERED HEARING CONTINUED TO MID APRIL
03/22/2011 Charge(s): 1,2
        HEARING - MOTION TO DISMISS SCHEDULED FOR 04/22/2011 at 01:00 p.m.
        ROBERT E MURRAY JR, JUSTICE
        NOTICE TO PARTIES/COUNSEL
03/22/2011 Charge(s): 1,2
        HEARING - MOTION TO DISMISS NOTICE SENT ON 03/22/2011


03/29/2011 Charge(s): 1,2
        OTHER FILING - OTHER DOCUMENT FILED ON 03/29/2011


        DA: ALAN KELLEY
        LETTER TO ROBERT RUFFNER REGARDING ADDITIONAL GROUNDS FOR MOTION TO DISMISS
04/14/2011 Charge(s): 1,2
        MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 04/14/2011
        CR_200                    Page 4 of 6                    Printed on: 08/22/2011

ADDENDUM TO MOTION TO DISMISS
04/19/2011 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 04/15/2011


04/19/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 04/15/2011


STATE'S MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS
04/21/2011 MOTION -  MOTION TO CONTINUE GRANTED ON 04/21/2011


COPY TO PARTIES/COUNSEL
04/21/2011 Charge(s): 1,2
HEARING -  MOTION TO DISMISS CONTINUED ON 04/21/2011


04/27/2011 HEARING -  MOTION TO DISMISS SCHEDULED FOR 05/05/2011 at 08:30 a.m.


NOTICE  TO PARTIES/COUNSEL
04/27/2011 HEARING -  MOTION TO DISMISS NOTICE SENT ON 04/27/2011


05/25/2011 BRIEF -  PETITIONERS BRIEF FILED ON 05/24/2011


Attorney:  ROBERT RUFFNER
BRIEF ON DEFENDANT'S MOTION TO DISMISS
05/31/2011 OTHER FILING -  TRANSCRIPT FILED ON 05/31/2011


Reporter: JANETTE COOK
SEALED TRANSCRIPT
05/31/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 05/31/2011


DA:  ALAN KELLEY
STATE'S MEMORANDUM OF ARGUMENT ON THE MOTION TO DISMISS
06/13/2011 HEARING -  MOTION TO DISMISS HELD ON 05/05/2011
M MICHAELA MURPHY , JUSTICE
Attorney:  ROBERT RUFFNER
DA:  ALAN KELLEY          Reporter: JANETTE COOK
Defendant Present in Court
06/13/2011 Charge(s): 1,2
MOTION -  MOTION TO DISMISS UNDER ADVISEMENT ON 05/05/2011
M MICHAELA MURPHY , JUSTICE
08/17/2011 HEARING -  OTHER HEARING SCHEDULED FOR 09/06/2011 at 08:30 a.m.


NOTICE TO PARTIES/COUNSEL
08/17/2011 HEARING -  OTHER HEARING NOTICE SENT ON 08/17/2011


08/22/2011 ORDER -  COURT ORDER FILED ON 08/18/2011
M MICHAELA MURPHY , JUSTICE
MOTION TO DISMISS IS DENIED: THE COURT ORDERS THAT THE PARTIES WILL CONFER WITH THE COURT
ON 9/7/11.  AT THAT TIME THE COURT WILL ISSUE AN APPROPRIATE ORDER, AFTER GIVING THE
PARTIES AN OPPORTUNITY TO BE HEARD.  THE ORDER WILL REQUIRE THE STATE TO SCRUPULOUSLY
ENSURE THAT ALL EXCULPATORY EVIDENCE KNOWN TO ANY LAW ENFORCEMENT AGENCY INVOLVED IN THE
CASE HAS BEEN DISCLOSED. IT WILL ALSO REQUIRE THE STATE TO REPORT TO THE COURT THE EFFORTS
IT HAS MADE TO "AUDIT" AND INVENTORY ALL REPORTS, EXHIBITS

A TRUE COPY
ATTEST: _____
Clerk

STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss                            CR-10-230
                                        *MMM - KEN - 2/27/2012*

STATE OF MAINE

V.                                      **COMBINED ORDER ON MOTION
                                        FOR NEW TRIAL AND MOTION FOR
                                        JUDGMENT OF ACQUITTAL**

RAYMOND BELLAVANCE, JR.


### Introduction

Before the Court are two motions for a new trial, both of which incorporate alternative motions for judgment of acquittal. The first is dated January 3, 2012 and asserts three grounds for a new trial. The second is captioned "Amended Motion for New Trial" and it asserts new facts regarding the status of criminal charges initiated against a key State's witness, Thomas Mulkern. It also adds a new ground challenging the Court's prior order excluding the testimony of a defense witness, Jamie Morrison.

On February 1, 2012 the Court conducted a hearing on these motions. The Court denied defense requests to compel the testimony of Mr. Mulkern, and for production of medical and mental health records for Mr. Mulkern. The Court otherwise heard on that date oral argument from the parties with respect to the issues presented in the motions for new trial and for entry of judgment of acquittal.

Rule 33 of the Maine Rules of Criminal Procedure provides for the granting of a new trial "if required in the interests of justice." The Law Court has held that in assessing a motion for a new trial, the trial court must consider "whether on the evidence as a whole, assessed most favorably to the State, a jury, acting rationally, could not have

1

avoided having a reasonable doubt as to the defendant's guilt." *State v. Howes,* 432 A.2d 419, 424 (Me. 1981).

Rule 29 of the Maine Rules of Criminal Procedure provides for entry of judgment of acquittal "if the evidence is insufficient to sustain a conviction of such crime or crimes." The Law Court has held that such a motion should be granted only when "evidence tending to prove guilt is so defective or weak that a verdict based upon it cannot be sustained." *State v. Vahlsing,* 557 A.2d 946, 947 (Me. 1989). The Law Court has also cautioned trial judges, in deciding such motions, against making credibility determinations and assigning weight to witness testimony unless the case was tried without a jury. *State v. Blier,* 371 A.2d 1091, 1093 (Me. 1977).

In these motions the defendant argues that a new trial should be granted due to discovery violations by the State, because he did not receive a fair trial, and based on newly discovered evidence. The Court will consider each argument separately.

### *Discovery Violations*

The Court heard arguments regarding violations of discovery orders and rules prior to trial, and on August 18, 2011 September 8, 2011 issued orders addressing these issues. After these orders were issued, the Defendant on November 9, 2011 filed a Motion to Dismiss the Indictment,[1] alleging violations of the Court's prior orders and alleging that a number of witnesses had been threatened and intimidated by the Fire Marshall's Office, that a tape recording of the Defendant's statement to investigators had been altered, and requesting that certain specific items of information be disclosed. On November 30, 2011 the Court conducted a hearing after which it ordered, on the record,

---

[1] The August 18, 2011 order was actually issued on the Defendant's first motion to dismiss filed by Defendant's prior counsel. That motion alleged in part that prosecutorial misconduct had occurred which justified dismissal of the charges.

2

that certain items be provided. The Defendant now argues that during trial three items of information came to light which should have been disclosed prior to trial.

First, the Defendant argues that he learned only during trial that Fire Marshal Investigator Kenneth MacMaster threatened Thomas Mulkern in November of 2011, while he was obtaining a DNA sample from Mr. Mulkern. Investigator MacMaster told Mr. Mulkern told him that "he was next" and that he would be prosecuted for his role in the arson. As pointed out by the State, the meeting between Investigator MacMaster and Mr. Mulkern was occasioned by the State reading in a local newspaper that defense counsel had alleged that the real perpetrator in this arson had left DNA on a gas can retrieved from the scene. The State had previously disclosed to the defense that Investigator MacMaster's DNA was found on the gas can in a "mixed sample" of DNA detected. As a result of the ongoing forensic testing, the case was continued to allow for completion of DNA analysis and possible profiling of alternate suspects, including Mr. Mulkern.

While the Court did order and expect that the State would disclose any offers or incentives to witnesses, the State counters that whatever Investigator MacMaster said to Mr. Mulkern did not constitute a "threat" such that it would have violated any prior court order, particularly that issued on November 30, 2011. The Court agrees with the State that Investigator's MacMaster's statement to Mr. Mulkern was not a threat or an incentive to make Mr. Mulkern testify. It was clear from Mr. Mulkern's trial testimony that he was aware well before November of 2011 that the State believed that he played a part in this arson, and the defense was surely aware of this belief. The record indicates that Mr. Mulkern had sought the advice of counsel in the months leading up to the trial,

3

and that he was not cooperating with the State, although he had made himself available to the defense on more than one occasion. Investigator MacMaster was essentially telling Mr. Mulkern what he already knew: that the State believed he was involved, and that the State would have brought charges against him if they felt they had enough evidence to do so. He was not threatened about what might happen to him if he did not cooperate, and he was not told that he would be given anything in exchange for cooperating with the State. The court finds that these statements were not threats or inducements, and did not violate any court order. While Detective MacMaster's investigative style could be viewed as gruff or even offensive by some individuals, this approach does not in and of itself turn the statements he made into threats or inducements.

Second, the defense alleges that the State withheld a report from the Fire Marshall's Office (Defendant's Exh. 12) which the defense asserts establishes that the fire started a half hour or so earlier than argued by the State. However, contrary to the defense assertion that it was "uncontradicted" that this report came from the Fire Marshall's Office, Investigator MacMaster testified that he had never seen the document, and more importantly that it was not generated by his office. In addition, Eric Rowe, Chief of the Vassalboro Fire Department testified that the document in question was generated by his department and had not been submitted to the Fire Marshall's Office. He indicated that it was never the practice of his department to send this sort of document to the Fire Marshall. He explained that the document was created and used by the Vassalboro Fire Department to document who worked on the fire, and to enable them to be paid. He stated that the time entries on the documents were essentially estimates, and

that in order to generate the document, someone had to put in a time to start the document generation.

All of this information was presented to the jury to sort out and to weigh. For purposes of this motion, the Court finds that this document was not concealed from the defense.

The third item of evidence which the defense believes was concealed is described in both motions as "the assiduously taken notes of Detective Morin, which were not provided and in fact denied to have existed by Detective Morin." The issue of the notes was previously considered by the court. In addition, Detective Morin, who works for the Kennebec County Sheriff's Department, was questioned by the defense about them. He testified that he was not the primary investigator, but that Investigator MacMaster was. Both officers were present when the Defendant was interviewed, and the interview was taped. Detective Morin testified that he did not keep his notes of the interview. All of this information was before the jury, but again, for purposes of this motion the Court finds that while the notes were not available to the defense, the interview of the Defendant was recorded and provided to the defense, and that no prejudice occurred.

Taken together, these alleged failures – together with the other failures alleged in previous pre-trial motions – did not violate any court order or discovery rule identified by the defense. The Court therefore denies the motion for new trial and/or for acquittal on these grounds.

*Denial of a Fair Trial*

The defense argues that the Defendant did not receive a fair trial for three reasons. First, the defense claims that the Court somehow encouraged a defense witness,

Christopher Partridge, to invoke his Fifth Amendment privilege which made it impossible for the defense to call him at trial. Mr. Partridge was at the time of the fire the boyfriend of the Defendant's daughter, Samantha Bellavance. According to the defense, Mr. Partridge had been willing, up until the time Thomas Mulkern testified and indirectly implicated Mr. Partridge as someone who may have assisted the Defendant, to testify for the defense and provide him with at least a partial alibi. Indeed, the Court recalls that Mr. Partridge had been present for at least one of the pre-trial hearings and had indicated that he would be a defense witness. The Court did assign counsel to represent Mr. Partridge. The Court believed and still does, that particularly after the testimony of Mulkern, it was essential that Mr. Partridge receive advice of counsel before being called to the stand by the defense. The defense is correct that the Court did in fact advise Mr. Partridge's attorney to be sure to speak with both attorneys so that she could be brought up to speed with the new information which with both sides in this trial were forced to contend, namely the "turning" of Thomas Mulkern from a potential defense witness, into an immunized State's witness.

The Court disagrees with the defense that it was improper for the Court to advise Mr. Partridge's attorney to speak with counsel for both sides in this case before he decided whether or not to testify for the defense. All of the Court's dealings with Mr. Partridge's attorney are on the record for review. While the decision by Mr. Partridge not to testify for the defense and provide Mr. Bellavance with an alibi [2] as described in the defense motions surely affected the defense case, the Court finds that the Defendant's due process rights were not impaired. As the Court noted in its oral findings regarding the

---

[2] The Court would note that other alibi witnesses were called by the defense, but it is unclear to the court whether or not Mr. Partridge's testimony would corroborate or contradict either of those witnesses as far as the timelines in this case.

testimony of Thomas Mulkern, the defense alone had access to Mr. Mulkern up to the time of trial, and the defense would have to acknowledge that they were aware that Mr. Mulkern might "turn" on them. Once Mulkern did turn, any potential alibi witness who might have been directly or indirectly implicated by Mulkern might appropriately invoke the privilege, which is what occurred here. The Court recognizes that this put the defense in a difficult position, but the Court went to some lengths to ensure that the defense had resources available to it, as well as adequate time to respond to Mulkern's decision to testify under a cloak of immunity.

The defense secondly alleges that the Court's decision to accept the grant of immunity to Mulkern, and also to Emma Wood,[3] Mr. Mulkern's former girlfriend, deprived the Defendant of due process. The Court has previously made findings as to its decision to accept the grants of immunity, as well as to allow Mulkern to testify in a way that was not favorable to the defense. However, the Court will reiterate that Mulkern had on more than one occasion been interviewed by defense counsel and the defense investigator. Mulkern's attorney had shortly before trial advised the defense that they might want to think twice about calling him as a witness. The Court recessed the trial in order to give the defense time to prepare a response to the decision to allow Mulkern's testimony. The Court also conditioned the order allowing him to testify with the State having to provide access to Mulkern, even though Mulkern through counsel indicated he was not willing to talk to defense counsel after changing his position on what occurred. The interview between the defense and Mulkern was then recorded by a court reporter,

---

[3] Because the defense was given reasonable notice that the State would be conferring immunity on Emma Wood and had been advised as to what she would be testifying, the Court does not believe that the defense can argue that they were prejudiced in any way by the Court's acceptance of the grant of immunity. Her testimony could hardly be considered "new evidence" and the defense does not seem to be making this argument.

and a transcript prepared for both parties. In addition, the Court ordered that a court reporter prepare a transcript of a taped interview that took place between an assistant district attorney and Mulkern (with his counsel present) on the evening before the Court and the defense were informed that Mulkern had changed his position. All of this information was put before the jury through cross-examination.

In addition, the Court ordered that the defense have access to all of Mulkern's jail records, and access to tapes of his phone calls while incarcerated. The defense was understandably concerned that his decision to switch from defense to State's witness might be suspect, and the Court made it clear to the State that it expected full cooperation from State actors in gathering and providing this information.

The defense was certainly under time constraints in formulating a response to this new development. However, the Court believes that given the time that was allowed, and the resources that were provided, the jury was given a full and fair picture of Mulkern's criminal and substance abuse history. Finally, in jury instructions, the Court cautioned the jurors to closely scrutinize his testimony given the grant of immunity. The Court is not persuaded that the Defendant's due process rights were violated in regards to permitting the State to call Mulkern.

For its third argument on the allegation of failure to provide a fair trial, the defense renews its objection to the Court's decision to not allow the testimony of Jamie Morrison. Her prospective testimony was the subject of a pre-trail ruling made orally on the record. Ms. Morrison had testified before the Court at hearing on the first motion to dismiss filed by prior defense counsel and she supplied an affidavit for new defense counsel prior to trial. She testified that she had been threatened and pressured to implicate

8

the Defendant by members of the Sheriff's Department and Probation Department, but made no such allegations regarding Investigator MacMaster. She testified that no law enforcement officer told her to lie, but given her status as a probationer who had been observed operating without a license, she felt had no choice but to lie to the State and tell them what they wanted to here – that the Defendant had admitted to her that he committed arson. The defense apparently wanted to call her so she could tell the jury that she had been pressured to lie to the police, that she did lie to the police, and that actually the Defendant had denied being involved. Her statement that the Defendant admitted to the arson had been included in a probable cause affidavit used to obtain a warrant for the arrest of the Defendant. The Court found before trial that pursuant to Rule 403 of the Maine Rules of Evidence that whatever probative value her testimony might have was substantially outweighed by the risk of confusion of issues for the jury.

The Court is not entirely clear whether the defense argument has changed with respect to why she should have been allowed to testify. If the defense is making an argument under Rule 608 – that because she was inappropriately pressured to lie by one or more law enforcement officers (who may not have been called as witnesses at trial), that another law enforcement officer, namely Investigator MacMaster, must have used the same tactic with other witnesses who testified against the defense –the defense has failed to articulate how her testimony is permitted under this Rule.

The Court therefore denies the motion for a new trial and/or for dismissal on the grounds that the Defendant failed to receive a fair trial.

*Newly discovered evidence*

The final ground for a new trial asserted in the motions alleges that "on information received but not verified from an inmate who refused to give his name, Thomas Mulkern is incarcerated again since trial, has attempted suicide twice and stated that he was given the information he testified to at trial by law enforcement." At hearing on these motions, defense counsel essentially withdrew this argument and acknowledged that he had no evidence that Mulkern had recanted or was otherwise making statements to anyone disavowing his testimony.

## CONCLUSION

Although the motion and amended motions do not specifically address the standards established in Rules 29 and 33 for post-verdict acquittal or grant of a new trial under the Maine Rules of Criminal Procedure, the Court would conclude -- in addition to findings made above -- that it cannot be said, "on the evidence as a whole, assessed most favorably to the State" that the "jury, acting rationally, could not have avoided having a reasonable doubt as to the defendant's guilt." *State v. Howes*, 432 A2d. 419 (Me. 1989).

In addition, it cannot be said that "the evidence tending to prove guilt is so defective or weak that a verdict based upon it cannot be sustained." *State v. Vahlsing*, 557 A.2d 946, 947 (Me. 1989).

The parties would have to agree, and did in fact argue, that this case turned on the credibly of witnesses called at trial. Even if the jury had grave doubts about the testimony

10

of Thomas Mulkern, multiple other witnesses were called by the State – including Deputy George Neagle, Dean Drisko, Tara Michaud Bellavance, Christopher Russ, Officer Steven Schutt, Teena Savage, Alexander Lane, Stephanie McCollett, Troy Hallett, Jason Lunt – that established that the Defendant had made statements admitting that he was very upset and angry that Krista McIntyre worked at the topless coffee shop; or that he admitted to wanting to burn it down; and/or that he did burn it down. The Defendant's aunt and uncle, Roger and Laurette Kalloch, both reluctant witnesses for the State, placed the Defendant and another male, close to the fire both in terms of time and location. To be sure, other witnesses were called, including Krista McIntyre, who denied that the Defendant was angry about her working there or was otherwise jealous of her; and two alibi witnesses were called who testified that the Defendant was with them at the time of the fire. However, the question presented here is whether there was sufficient evidence upon which a rational jury could find beyond a reasonable doubt that the Defendant committed these offenses.

The Court finds that the testimony of the above-named witnesses would provide a sufficient basis for a rational jury to find that the State proved the charges beyond a reasonable doubt. They established motive, admissions to culpable conduct, consciousness of guilt, and proximity in time and place to the fire. Finally, the Court does not find that this evidence was so "defective or weak" such that it would be appropriate to overturn the jury's verdict, and enter judgment of acquittal for the Defendant.

11

The entry will be: Defendant's Motions for New Trial and for Entry of

Judgment of Acquittal are DENIED.

Sentencing in this matter will be March 19, 2012 at a time to be set by the

Court.

2/27/12

**DATE**

**SUPERIOR COURT JUSTICE**

12

STATE OF MAINE
  vs
RAYMOND BELLAVANCE
43 MAIN STREET
WINTHROP ME 04364

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2010-00230

**DOCKET RECORD**

DOB: 02/27/1961
Attorney: ANDREWS CAMPBELL
       ANDREWS BRUCE CAMPBELL PA
       919 RIDGE ROAD
       BOWDOINHAM ME 04008
       APPOINTED 08/25/2011
Attorney: PAMELA AMES
       LAW OFFICE OF PAMELA J AMES
       237 MAIN STREET
       WATERVILLE ME 04901
       LIMITED 01/19/2012

State's Attorney: EVERT FOWLE

Filing Document: CRIMINAL COMPLAINT
Filing Date: 04/05/2010

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

**1   ARSON**
**Seq 776   17-A  802(1)(A)**          **Class A**

**06/03/2009 VASSALBORO**


**2   ARSON**
**Seq 4539  17-A  802(1)(B)(2)**       **06/03/2009 VASSALBORO**
**Class A  Charged with INDICTMENT on Supplem**


## Docket Events:

04/05/2010 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 04/05/2010

04/05/2010 Charge(s): 1
      WARRANT -  ON AFFIDAVIT REQUESTED ON 04/05/2010

04/05/2010 Charge(s): 1
      WARRANT -  ON AFFIDAVIT ORDERED ON 04/05/2010
      CHARLES  DOW , JUDGE
04/05/2010 BAIL BOND - $1,000,000.00 SURETY BAIL BOND SET BY COURT ON 04/05/2010
      CHARLES  DOW , JUDGE
      OR 200,000 CASH
04/05/2010 Charge(s): 1
      WARRANT -  ON AFFIDAVIT ISSUED ON 04/05/2010

04/05/2010 MOTION -  MOTION TO IMPOUND FILED BY STATE ON 04/05/2010

      MOTION TO IMPOUND AFFIDAVIT AND ARREST WARRANT
04/05/2010 MOTION -  MOTION TO IMPOUND GRANTED ON 04/05/2010
      NANCY MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
05/14/2010 Charge(s): 1
      WARRANT -  ON AFFIDAVIT EXECUTED ON 05/14/2010

ARRESTED BY SOUTH CAROLINA STATE POLICE
05/14/2010 Charge(s): 1
WARRANT - ON AFFIDAVIT RETURNED ON 05/14/2010

05/21/2010 Charge(s): 1
MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/21/2010

05/27/2010 Charge(s): 1
PLEA - NO ANSWER ENTERED BY DEFENDANT ON 05/21/2010

05/27/2010 HEARING - STATUS CONFERENCE SCHEDULED FOR 07/27/2010 at 10:00 a.m.

05/27/2010 Charge(s): 1
MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/24/2010
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
05/27/2010 Party(s): RAYMOND BELLAVANCE
ATTORNEY - APPOINTED ORDERED ON 05/24/2010

Attorney: JAMES FLICK
05/27/2010 HEARING - STATUS CONFERENCE NOTICE SENT ON 05/27/2010

06/04/2010 MOTION - MOTION TO IMPOUND VACATED ON 05/21/2010
RICHARD MULHERN , JUDGE
06/04/2010 BAIL BOND - $200,000.00 CASH BAIL BOND SET BY COURT ON 05/21/2010
RICHARD MULHERN , JUDGE
OR 1,000,000, BAIL MAY BE REVIEWED
07/02/2010 HEARING - STATUS CONFERENCE NOT HELD ON 07/02/2010

07/02/2010 Charge(s): 1,2
SUPPLEMENTAL FILING - INDICTMENT FILED ON 07/01/2010

07/02/2010 Charge(s): 1,2
HEARING - ARRAIGNMENT SCHEDULED FOR 07/27/2010 at 10:00 a.m.

07/02/2010 Charge(s): 1,2
HEARING - ARRAIGNMENT NOTICE SENT ON 07/01/2010

07/27/2010 Charge(s): 1,2
HEARING - ARRAIGNMENT HELD ON 07/27/2010
NANCY MILLS , JUSTICE
Reporter: JANETTE COOK
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
07/27/2010 Charge(s): 1,2
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 07/27/2010

07/27/2010 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 09/08/2010 at 10:15 a.m.

07/27/2010 BAIL BOND - $200,000.00 CASH BAIL BOND SET BY COURT ON 07/27/2010
          NANCY MILLS , JUSTICE
          OR 1,000,000 SURETY, NO CONTACT WITH DONALD CRABTREE AND NOT TO ENTER RESIDENCE, PLACE OF
          EMPLOYMENT, PLACE OF EDUCATION, MAY BE REVIEWED.
09/02/2010 MOTION - MOTION TO CHANGE VENUE FILED BY DEFENDANT ON 09/02/2010

          Attorney: JAMES FLICK
09/08/2010 HEARING - MOTION TO CHANGE VENUE SCHEDULED FOR 09/09/2010 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
09/20/2010 HEARING - MOTION TO CHANGE VENUE CONTINUED ON 09/09/2010

09/20/2010 HEARING - MOTION TO CHANGE VENUE SCHEDULED FOR 10/12/2010 at 01:00 p.m.

          NOTICE TO PARTIES/COUNSEL
09/20/2010 HEARING - MOTION TO CHANGE VENUE NOTICE SENT ON 09/20/2010

10/12/2010 HEARING - MOTION TO CHANGE VENUE CONTINUED ON 10/12/2010

10/12/2010 HEARING - MOTION TO CHANGE VENUE SCHEDULED FOR 11/04/2010 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
10/12/2010 HEARING - MOTION TO CHANGE VENUE NOTICE SENT ON 10/13/2010

10/28/2010 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 10/28/2010

10/28/2010 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 10/28/2010

11/03/2010 MOTION - MOTION TO CONTINUE GRANTED ON 11/02/2010
          NANCY MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
11/03/2010 HEARING - MOTION TO CHANGE VENUE CONTINUED ON 11/02/2010

11/03/2010 Charge(s): 1,2
          TRIAL - DOCKET CALL CONTINUED ON 09/08/2010

11/03/2010 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 11/02/2010
          NANCY MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
11/03/2010 Party(s): RAYMOND BELLAVANCE
          ATTORNEY - WITHDRAWN ORDERED ON 11/02/2010

          Attorney: JAMES FLICK
11/03/2010 Party(s): RAYMOND BELLAVANCE
          ATTORNEY - APPOINTED ORDERED ON 11/02/2010

          Attorney: ROBERT RUFFNER
11/03/2010 HEARING - MOTION TO CHANGE VENUE SCHEDULED FOR 11/22/2010 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
11/03/2010 HEARING - MOTION TO CHANGE VENUE NOTICE SENT ON 11/03/2010

12/02/2010 HEARING - MOTION TO CHANGE VENUE HELD ON 11/22/2010
          CR_200                    Page 3 of 16                    Printed on: 02/27/2012

ROBERT E MURRAY JR, JUSTICE
Attorney: ROBERT RUFFNER
DA: ALAN KELLEY
Defendant Present in Court

TAPE#1374, INDEX#5960-7115 AND 1375, INDEX#000-497
12/02/2010 MOTION - MOTION TO CHANGE VENUE UNDER ADVISEMENT ON 11/22/2010
ROBERT E MURRAY JR, JUSTICE
12/02/2010 MOTION - MOTION TO CHANGE VENUE DENIED ON 11/30/2010
ROBERT E MURRAY JR, JUSTICE
COPY TO PARTIES/COUNSEL
12/02/2010 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 01/04/2011 at 11:00 a.m.

12/30/2010 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 12/30/2010

01/05/2011 MOTION - MOTION TO CONTINUE GRANTED ON 01/03/2011
ROBERT E MURRAY JR, JUSTICE
COPY TO PARTIES/COUNSEL
01/05/2011 Charge(s): 1,2
TRIAL - DOCKET CALL CONTINUED ON 01/04/2011

01/05/2011 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 03/10/2011 at 08:30 a.m.

03/17/2011 Charge(s): 1,2
TRIAL - DOCKET CALL HELD ON 03/10/2011
ROBERT E MURRAY JR, JUSTICE
Attorney: ROBERT RUFFNER
DA: ALAN KELLEY
Defendant Present in Court
03/17/2011 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 03/10/2011

03/17/2011 HEARING - MOTION TO DISMISS SCHEDULED FOR 03/25/2011 at 08:30 a.m.
ROBERT E MURRAY JR, JUSTICE
NOTICE TO PARTIES/COUNSEL
03/17/2011 HEARING - MOTION TO DISMISS NOTICE SENT ON 03/17/2011

03/17/2011 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 09/08/2011 at 01:00 p.m.

03/22/2011 HEARING - MOTION TO DISMISS CONTINUED ON 03/22/2011

PARTIES MET IN CHAMBERS AND JUDGE ORDERED HEARING CONTINUED TO MID APRIL
03/22/2011 Charge(s): 1,2
HEARING - MOTION TO DISMISS SCHEDULED FOR 04/22/2011 at 01:00 p.m.
ROBERT E MURRAY JR, JUSTICE
NOTICE TO PARTIES/COUNSEL
03/22/2011 Charge(s): 1,2
HEARING - MOTION TO DISMISS NOTICE SENT ON 03/22/2011

03/29/2011 Charge(s): 1,2
OTHER FILING - OTHER DOCUMENT FILED ON 03/29/2011

          DA:   ALAN KELLEY
          LETTER TO ROBERT RUFFNER REGARDING ADDITIONAL GROUNDS FOR MOTION TO DISMISS
04/14/2011 Charge(s): 1,2
          MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 04/14/2011


          ADDENDUM TO MOTION TO DISMISS
04/19/2011 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 04/15/2011


04/19/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 04/15/2011


          STATE'S MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS
04/21/2011 MOTION -  MOTION TO CONTINUE GRANTED ON 04/21/2011


          COPY TO PARTIES/COUNSEL
04/21/2011 Charge(s): 1,2
          HEARING -  MOTION TO DISMISS CONTINUED ON 04/21/2011


04/27/2011 HEARING -  MOTION TO DISMISS SCHEDULED FOR 05/05/2011 at 08:30 a.m.


          NOTICE  TO PARTIES/COUNSEL
04/27/2011 HEARING -  MOTION TO DISMISS NOTICE SENT ON 04/27/2011


05/25/2011 BRIEF -  PETITIONERS BRIEF FILED ON 05/24/2011


          Attorney:  ROBERT RUFFNER
          BRIEF ON DEFENDANT'S MOTION TO DISMISS
05/31/2011 OTHER FILING -  TRANSCRIPT FILED ON 05/31/2011


          Reporter: JANETTE COOK
          SEALED TRANSCRIPT
05/31/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 05/31/2011


          DA:  ALAN KELLEY
          STATE'S MEMORANDUM OF ARGUMENT ON THE MOTION TO DISMISS
06/13/2011 HEARING -  MOTION TO DISMISS HELD ON 05/05/2011
          M MICHAELA MURPHY , JUSTICE
          Attorney:  ROBERT RUFFNER
          DA:  ALAN KELLEY            Reporter: JANETTE COOK
          Defendant Present in Court
06/13/2011 Charge(s): 1,2
          MOTION -  MOTION TO DISMISS UNDER ADVISEMENT ON 05/05/2011
          M MICHAELA MURPHY , JUSTICE
08/17/2011 HEARING -  OTHER HEARING SCHEDULED FOR 09/08/2011 at 01:00 p.m.


          NOTICE TO PARTIES/COUNSEL
08/17/2011 HEARING -  OTHER HEARING NOTICE SENT ON 08/29/2011


08/22/2011 ORDER -  COURT ORDER FILED ON 08/18/2011
          M MICHAELA MURPHY , JUSTICE
          MOTION TO DISMISS IS DENIED: THE COURT ORDERS THAT THE PARTIES WILL CONFER WITH THE COURT
          ON 9/7/11.  AT THAT TIME THE COURT WILL ISSUE AN APPROPRIATE ORDER, AFTER GIVING THE
          PARTIES AN OPPORTUNITY TO BE HEARD.  THE ORDER WILL REQUIRE THE STATE TO SCRUPULOUSLY

ENSURE THAT ALL EXCULPATORY EVIDENCE KNOWN TO ANY LAW ENFORCEMENT AGENCY INVOLVED IN THE
CASE HAS BEEN DISCLOSED. IT WILL ALSO REQUIRE THE STATE TO REPORT TO THE COURT THE EFFORTS
IT HAS MADE TO "AUDIT" AND INVENTORY ALL REPORTS, EXHIBITS

08/24/2011 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 08/23/2011


           Attorney: ROBERT RUFFNER
08/29/2011 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 08/25/2011
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL
08/29/2011 Party(s): RAYMOND BELLAVANCE
           ATTORNEY -  WITHDRAWN ORDERED ON 08/25/2011


           Attorney: ROBERT RUFFNER
08/29/2011 Party(s): RAYMOND BELLAVANCE
           ATTORNEY -  APPOINTED ORDERED ON 08/25/2011


           Attorney: ANDREWS CAMPBELL
09/09/2011 HEARING -  OTHER HEARING HELD ON 08/09/2011
           M MICHAELA MURPHY , JUSTICE
           Attorney: ANDREWS CAMPBELL
           DA: ALAN KELLEY          Reporter: JANETTE COOK
           Defendant Present in Court
09/09/2011 ORDER -  COURT ORDER FILED ON 09/08/2011


           PROPOSED DISCOVERY TIMELINE
09/09/2011 ORDER -  COURT ORDER ENTERED ON 09/08/2011
           M MICHAELA MURPHY , JUSTICE
           PROPOSED DISCOVERY TIMELINE.  COPY TO PARTIES/COUNSEL
09/15/2011 Charge(s): 1,2
           MOTION -  MOTION TO DISMISS DENIED ON 08/18/2011
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL
09/15/2011 Charge(s): 1,2
           TRIAL -  DOCKET CALL CONTINUED ON 09/08/2011

09/15/2011 Charge(s): 1,2
           TRIAL -  DOCKET CALL SCHEDULED FOR 12/06/2011 at 01:00 p.m.


           RESCHEDULED FROM 9:45 AT ATTY CAMPBELL'S REQUEST
09/29/2011 MOTION -  MOTION FOR ATTND OF WITNESSES FILED BY DEFENDANT ON 09/28/2011


           Attorney: ANDREWS CAMPBELL
           MOTION FOR CERTIFICATE OF ATTENDANCE OF OUT OF STATE WITNESSES
10/03/2011 ORDER -  TRANSCRIPT ORDER FILED ON 10/03/2011


           Attorney: ANDREWS CAMPBELL
10/05/2011 ORDER -  TRANSCRIPT ORDER FILED ON 10/03/2011
           NANCY MILLS , JUSTICE
           TRANSCRIPT SHALL BE PREPARED AT STATE EXPENSE.  COPY MAILED TO ATTY CAMPBELL AND J. COOK
           ON 10/5/2011.
10/18/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 10/14/2011


           DA: ALAN KELLEY

              DISCOVERY PROVIDED TO DEFENSE AND COPIED TO COURT
10/25/2011 OTHER FILING -  TRANSCRIPT FILED ON 10/21/2011

              Reporter: JANETTE COOK
              TRANSCRIPT OF MOTION TO DISMISS HEARING
11/03/2011 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 11/03/2011

11/16/2011 Charge(s): 1,2
              HEARING -  MOTION TO DISMISS SCHEDULED FOR 11/30/2011 at 09:00 a.m.
              M MICHAELA MURPHY , JUSTICE
              NOTICE  TO PARTIES/COUNSEL
11/16/2011 HEARING -  CONFERENCE SCHEDULED FOR 11/30/2011 at 09:00 a.m.
              M MICHAELA MURPHY , JUSTICE
              NOTICE TO PARTIES/COUNSEL
11/16/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 11/15/2011

              DA:  ALAN KELLEY
              STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
11/28/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 11/23/2011

              DA:  ALAN KELLEY
              STATE'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL                11/30/11
              WITHDRAWN
11/28/2011 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 11/28/2011

              CERTIFIED COPY TO SHERIFF DEPT.
11/30/2011 WRIT -  HABEAS CORPUS TO TESTIFY REMANDED ON 11/30/2011

11/30/2011 HEARING -  CONFERENCE HELD ON 11/30/2011
              M MICHAELA MURPHY , JUSTICE
              Reporter: TAMMY DROUIN
              Defendant Present in Court
11/30/2011 Charge(s): 1,2
              HEARING -  MOTION TO DISMISS HELD ON 11/30/2011
              M MICHAELA MURPHY , JUSTICE
              Reporter: TAMMY DROUIN
              Defendant Present in Court
11/30/2011 MOTION -  MOTION IN LIMINE FILED BY DEFENDANT ON 11/30/2011

              Attorney:  ANDREWS CAMPBELL
              MOTION IN LIMINE REGARDING JUROR LIST
11/30/2011 MOTION -  MOTION IN LIMINE DENIED ON 11/30/2011
              M MICHAELA MURPHY , JUSTICE
              COPY TO PARTIES/COUNSEL                                         DENIED IN PART
              FOR REASONS STATED ON THE RECORD.  COURT INTENDS TO FOLLOW JUSTICE HUMPHREY'S 2006 ORDER
11/30/2011 MOTION -  MOTION TO IMPOUND FILED BY STATE ON 11/30/2011

              DA:  ALAN KELLEY
              MOTION TO IMPOUND DEFENSE MOTIONS
11/30/2011 MOTION -  MOTION IN LIMINE FILED BY DEFENDANT ON 11/29/2011

              Attorney:  ANDREWS CAMPBELL
              MOTION IN LIMINE RE MOTIVE IN COMMUNITY TO SET THE FILE
                  CR_200              Page  7  of  16                    Printed on: 02/27/2012

11/30/2011 MOTION -  MOTION IN LIMINE FILED BY DEFENDANT ON 11/29/2011


          Attorney:  ANDREWS CAMPBELL
          MOTION IN LIMINE RE: M.R. EVID. 615                          SEALED UNTIL
          AFTER JURY SELECTION
11/30/2011 MOTION -  MOTION IN LIMINE FILED BY DEFENDANT ON 11/29/2011


          Attorney:  ANDREWS CAMPBELL
          MOTION IN LIMINE RE: EVIDENCE OF BIAS                        DEFER UNTIL
          CLOSE OF STATE'S CASE
11/30/2011 Charge(s): 1,2
          TRIAL -  JURY TRIAL SCHEDULED FOR 12/14/2011 at 08:30 a.m.


          NOTICE TO PARTIES/COUNSEL
12/01/2011 ORDER -  TRANSCRIPT ORDER FILED ON 12/01/2011


          Attorney:  ANDREWS CAMPBELL
          REQUEST FOR TRANSCRIPT OF MOTION TO DISMISS
12/06/2011 MOTION -  MOTION FOR DISCOVERY FILED BY STATE ON 12/05/2011


12/07/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 12/05/2011


          Attorney:  ANDREWS CAMPBELL
          DEFENSE REQUESTS WRITS FOR SCOTT TIBBETTS WHO IS AT CHARLESTON CORRECTIONAL FACILITY AND
          WYATT WILSON AT MCC, FOR CONTINUATION OF MOTION TO DISMISS.
12/07/2011 MOTION -  MOTION IN LIMINE FILED BY DEFENDANT ON 12/05/2011


          Attorney:  ANDREWS CAMPBELL
          MOTION IN LIMINE TO SUPPRESS STATEMENTS
12/07/2011 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 12/05/2011


          Attorney:  ANDREWS CAMPBELL
          DEFENDANT'S OPPOSITION RE: TESTING AND CERTAIN DNA EVIDENCE
12/08/2011 OTHER FILING -  TRANSCRIPT FILED ON 12/08/2011


          PRETRIAL PROCEEDINGS TRANSCRIPT
12/08/2011 Charge(s): 1,2
          TRIAL -  DOCKET CALL HELD ON 12/06/2011
          M MICHAELA MURPHY , JUSTICE
          Defendant Present in Court
12/09/2011 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 12/09/2011


          CERTIFIED COPY TO SHERIFF DEPT.
12/12/2011 Charge(s): 1,2
          TRIAL -  JURY TRIAL SELECTED ON 12/09/2011
          M MICHAELA MURPHY , JUSTICE
          Reporter: TAMMY DROUIN
          Defendant Present in Court
12/12/2011 HEARING -  MOTION TO DISMISS SCHEDULED FOR 12/13/2011 at 08:30 a.m.
          M MICHAELA MURPHY , JUSTICE
          NOTICE  TO PARTIES/COUNSEL
12/12/2011 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 12/12/2011

MOTION TO DISMISS FOR REPEATED GOVERNMENTAL MISCONDUCT, REQUEST THAT THE STATE BE
ORDEREDDDDD TO PRODUCE WITNESSES AND THAT ALL IMPOUNDMENT ORDERS BE LIFTED.

12/13/2011 MOTION -  MOTION FOR DISCOVERY DENIED ON 12/13/2011
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL                                      DENIED AS
          UNTIMELY AND FOR REASONS STATED ON THE RECORD
12/13/2011 MOTION -  OTHER MOTION WITHDRAWN ON 12/13/2011


          Attorney: ANDREWS CAMPBELL
          MOTION TO DISMISS FOR REPEATED GOVERNMENTAL MISCONDUCT, REQUEST THAT THE STATE BE
          ORDEREDDDDD TO PRODUCE WITNESSES AND THAT ALL IMPOUNDMENT ORDERS BE LIFTED.
12/13/2011 HEARING -  MOTION TO DISMISS HELD ON 12/13/2011
          M MICHAELA MURPHY , JUSTICE
          Attorney: ANDREWS CAMPBELL
          DA:  ALAN KELLEY          Reporter: JANETTE COOK
          Defendant Present in Court
12/13/2011 MOTION -  MOTION FOR DISCOVERY GRANTED ON 12/13/2011
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL                                   GRANTED AS TO
          ANY WITNESS STATE INTENDS TO CALL AT TRIAL.  3RD PARAGRAPH PROVIDED ALREADY, 4TH
          PARAGRAPH, SEE JUDGE'S ORDER ON MOTION
12/13/2011 MOTION -  MOTION IN LIMINE GRANTED ON 12/13/2011
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
12/14/2011 MOTION -  MOTION IN LIMINE GRANTED ON 12/13/2011
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL                                   COURT GRANTS
          THE MOTION AS IT CONSIDERS THIS LAW ARGUMENT AND NOT ALTERNATIVE SUPPORT EVIDENCE.
12/14/2011 MOTION -  MOTION IN LIMINE DENIED ON 12/13/2011
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL                                     SEE JUDGE'S
          ORDER
12/15/2011 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 12/15/2011


          CERTIFIED COPY TO SHERIFF DEPT.                             FOR TROY
          HALLETT @DOWNEAST CORR.
12/15/2011 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 12/15/2011


          CERTIFIED COPY TO SHERIFF DEPT.                             FOR CHRISTOPHER
          RUSS AT TWO BRIDGES
12/15/2011 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 12/15/2011


          CERTIFIED COPY TO SHERIFF DEPT.                             KEN GREENLAW
12/15/2011 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 12/15/2011


          CERTIFIED COPY TO SHERIFF DEPT.                             SCOTT TIBBETTS
12/15/2011 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 12/15/2011


          CERTIFIED COPY TO SHERIFF DEPT.                             TROY HALLETT
12/22/2011 Charge(s): 1,2
          TRIAL -  JURY TRIAL HELD ON 12/14/2011
          M MICHAELA MURPHY , JUSTICE
          Attorney: ANDREWS CAMPBELL

DA:   ALAN KELLEY          Reporter: JANETTE COOK
Defendant Present in Court


DAY 1 TRIAL
12/22/2011 Charge(s): 1,2
TRIAL -  JURY TRIAL SCHEDULED FOR 12/15/2011 at 08:30 a.m.


NOTICE TO PARTIES/COUNSEL
12/22/2011 Charge(s): 1,2
TRIAL -  JURY TRIAL HELD ON 12/15/2011
M MICHAELA MURPHY , JUSTICE
Attorney:  ANDREWS CAMPBELL
DA:   ALAN KELLEY          Reporter: JANETTE COOK
Defendant Present in Court


DAY TWO TRIAL
12/22/2011 Charge(s): 1,2
TRIAL -  JURY TRIAL HELD ON 12/19/2011
M MICHAELA MURPHY , JUSTICE
Attorney:  ANDREWS CAMPBELL
DA:   ALAN KELLEY          Reporter: JANETTE COOK
Defendant Present in Court


DAY 3 TRIAL, PAMELA AMES CO-COUNSEL WITH DEFENSE
12/22/2011 Charge(s): 1,2
TRIAL -  JURY TRIAL HELD ON 12/20/2011
M MICHAELA MURPHY , JUSTICE
Attorney:  ANDREWS CAMPBELL
DA:   ALAN KELLEY          Reporter: KIMBERLY MCCULLOCH
Defendant Present in Court


DAY 4 TRIAL, PAMELA AMES CO-COUNSEL WITH DEFENSE
12/22/2011 Charge(s): 1,2
TRIAL -  JURY TRIAL HELD ON 12/21/2011
M MICHAELA MURPHY , JUSTICE
Attorney:  ANDREWS CAMPBELL
DA:   ALAN KELLEY          Reporter: JANETTE COOK
Defendant Present in Court


DAY 5 TRIAL, PAMELA AMES CO-COUNSEL WITH DEFENSE
12/22/2011 MOTION -  MOTION TO COMPEL FILED BY DEFENDANT ON 12/21/2011

Attorney:  ANDREWS CAMPBELL
MOTION TO COMPEL ATTENDANCE OF ROBERT BANKS, LINCOLN COUNTY SHERIFF'S DEPARTMENT
12/22/2011 MOTION -  MOTION TO COMPEL GRANTED ON 12/21/2011
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL                                               MOTION IS
GRANTED, OFFICER ROBERT BANKS, LINCOLN COUNTY SHERIFF'S OFFICE IS ORDERED TO APPEAR AT THE
KENNEBEC COUNTY SUPERIOR COURT FOR TESTIMONY ON TUESDAY, DECEMBER 27, 2011
12/22/2011 MOTION -  MOTION TO COMPEL FILED BY DEFENDANT ON 12/22/2011

Attorney:  ANDREWS CAMPBELL
MOTION TO COMPEL RELEASE OF ALL RECORDS CONCERNING THOMAS MULKERN

12/22/2011 MOTION - MOTION TO COMPEL GRANTED ON 12/22/2011
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL                                      THE SHERIFF OF
KENNEBEC COUNTY IS ORDERED TO PRODUCE AT 8:00 AM OR EARLIER TO THE CLERK OF KENNEBEC
COUNTY: 1) A COPY OF ALL RECORDS CONCERNING IN ANY MANNER THOMAS MULKERN'S PARTICIPATION
IN ANY PROGRAM REGARDING DRUG OR ALCOHOL REHABILITATION, THERAPY, GROUP OR INDIVIDUAL
COUNSELING FOR IN CAMERA REVIEW ONLY 2) A COPY OF ALL RECORDS OF EVERY VISIT AND APPROVED
VISITOR DURING INCARCERATION 3) A COPY OF EVERY PHONE CALL
12/22/2011 ORDER - COURT ORDER FILED ON 12/19/2011

NOTICE OF IMMUNITY AND COURT ORDER TO PRODUCE EVIDENCE
12/22/2011 Charge(s): 1,2
MOTION - OTHER MOTION FILED BY DEFENDANT ON 12/22/2011

Attorney: ANDREWS CAMPBELL
MOTION TO EXCLUDE TESTIMONY OF THOMAS MULKERN
12/22/2011 MOTION - OTHER MOTION FILED BY DEFENDANT ON 12/22/2011

Attorney: ANDREWS CAMPBELL
MOTION TO ALLOW TESTIMONY OF JAMIE MORRISON IN DEFENSE
12/22/2011 NOTE - OTHER CASE NOTE ENTERED ON 12/22/2011

Attorney: ANDREWS CAMPBELL
SUBMISSION OF LANE TAPE RECORDING REGARDING PENDING MOTION TO DISMISS
12/22/2011 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 11/09/2011

12/22/2011 Charge(s): 1,2
TRIAL - JURY TRIAL SCHEDULED FOR 12/23/2011 at 08:30 a.m.

NOTICE TO PARTIES/COUNSEL
12/27/2011 OTHER FILING - OTHER DOCUMENT FILED ON 12/27/2011

DA: ALAN KELLEY
ARGUMENT
12/27/2011 ORDER - TRANSCRIPT ORDER FILED ON 12/27/2011

REQUEST FOR WITNESS TESTIMONY EXPEDITED DURING TRIAL FOR 12/13 AND 12/14
12/27/2011 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/27/2011

CERTIFIED COPY TO SHERIFF DEPT.
12/27/2011 ORDER - COURT ORDER FILED ON 12/23/2011
M MICHAELA MURPHY , JUSTICE
ON MOTION OF THE DEFENDANT, THE EXECUTIVE OR OTHER AUTHORIZED OFFICER OF RECORD KEEPER OF
CRISIS & COUNSELING FOR THE CARA PROGRAM, AND OF THOMAS MULKERN'S PARTICIPATION IN SAID
PROGRAM, IS ORDERED TO PRODUCE SUCH RECORDS AT KENNEBEC COUNTY SUPERIOR COURT 45 STATE
STREET, AUGUSTA AT 8:30 AM DECEMBER 27, 2011 AND COUNSEL FOR DEFENDANT IS AUTHORIZED TO
SUBPOENA SAID RECORDS
12/27/2011 LETTER - FROM NON-PARTY FILED ON 12/27/2011

Attorney: STEVEN JOHNSON
IN RESPONSE TO THE COURT'S ORDER, PLEASE NOTIFY JUSTICE MURPHY THAT C&C ONLY PROVIDES
CONTRACTED SERVICES TO THE KENNEBEC COUNTY JAIL'S CARA PROGRAM. CONSEQUENTLY, THE CARA
PROGRAM'S RECORDS ARE THE PROPERTY, AND IN THE CUSTODY AND CONTROL, OF THE KENNEBEC COUNTY

SHERIFF'S DEPARTMENT, AND C&C DOES NOT OWN OR HAVE CUSTODY OF THE CARA PROGRAM RECORDS
THAT ARE THE SUBJECT OF THE COURT'S ORDER.
12/29/2011 Charge(s): 1,2
          TRIAL - JURY TRIAL HELD ON 12/23/2011
          M MICHAELA MURPHY , JUSTICE
          Attorney: ANDREWS CAMPBELL
          DA: ALAN KELLEY          Reporter: KIMBERLY MCCULLOCH
          Defendant Present in Court
12/29/2011 Charge(s): 1,2
          TRIAL - JURY TRIAL HELD ON 12/27/2011 at 08:30 a.m.
          M MICHAELA MURPHY , JUSTICE
          Attorney: ANDREWS CAMPBELL
          DA: ALAN KELLEY          Reporter: JANETTE COOK
          Defendant Present in Court
12/29/2011 Charge(s): 1,2
          TRIAL - JURY TRIAL HELD ON 12/28/2011 at 08:30 a.m.
          M MICHAELA MURPHY , JUSTICE
          Attorney: ANDREWS CAMPBELL
          DA: ALAN KELLEY          Reporter: KIMBERLY MCCULLOCH
          Defendant Present in Court
12/29/2011 Charge(s): 1,2
          TRIAL - JURY TRIAL HELD ON 12/29/2011 at 08:00 a.m.
          M MICHAELA MURPHY , JUSTICE
          Attorney: ANDREWS CAMPBELL
          DA: ALAN KELLEY          Reporter: JANETTE COOK
          Defendant Present in Court
12/29/2011 Charge(s): 1,2
          TRIAL - JURY TRIAL SCHEDULED FOR 12/22/2011 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
12/29/2011 Charge(s): 1,2
          TRIAL - JURY TRIAL NOT HELD ON 12/22/2011

          TRIAL NOT HELD THIS DAY
12/29/2011 Charge(s): 1,2
          TRIAL - JURY TRIAL SCHEDULED FOR 12/30/2011 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
01/04/2012 Charge(s): 1,2
          TRIAL - JURY TRIAL HELD ON 12/30/2011
          M MICHAELA MURPHY , JUSTICE
          Attorney: ANDREWS CAMPBELL
          DA: ALAN KELLEY          Reporter: JANETTE COOK
          Defendant Present in Court
01/04/2012 Charge(s): 1,2
          VERDICT - GUILTY RETURNED ON 12/30/2011

01/04/2012 Charge(s): 1,2
          FINDING - GUILTY ENTERED BY COURT ON 12/30/2011
          M MICHAELA MURPHY , JUSTICE
01/04/2012 Charge(s): 1,2
          FINDING - GUILTY CONT FOR SENTENCING ON 12/30/2011

01/04/2012 MOTION -  MOTION FOR NEW TRIAL FILED BY DEFENDANT ON 01/04/2012


01/04/2012 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 01/04/2012

       MOTION FOR PSYCHOLOGICAL EXAMINATION
01/04/2012 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 01/04/2012


       MOTION TO MAKE THOMAS MULKERN AVAILABLE TO TESTIFY RESPECTING POSSIBLE RECANTATION AS
       REPORTED
01/04/2012 MOTION .-  OTHER MOTION GRANTED ON 01/04/2012
       M MICHAELA MURPHY , JUSTICE
       MOTION FOR PSYCHOLOGICAL EXAMINATION
01/04/2012 ORDER -  COURT ORDER ENTERED ON 01/04/2012
       M MICHAELA MURPHY , JUSTICE
       ORDER FOR MENTAL EXAMINATION
01/04/2012 Charge(s): 1,2
       MOTION -  MOTION FOR JDGMT OF ACQUITTAL MADE ORALLY BY DEFENDANT ON 12/27/2011 at 01:00 p.m.

01/04/2012 Charge(s): 1,2
       MOTION -  MOTION FOR JDGMT OF ACQUITTAL DENIED ON 12/27/2011
       M MICHAELA MURPHY , JUSTICE
       COPIES TO PARTIES/COUNSEL
01/19/2012 BAIL BOND -  $1,500.00 UNSECURED BAIL BOND FILED ON 01/19/2012

       Bail Amt:  $1,500
       Date Bailed: 11/15/2011
01/20/2012 OTHER FILING -  OTHER DOCUMENT FILED ON 12/27/2011


       RECORDS FROM KCCF (KARA RECORDS) RE: THOMAS MULKERN
01/20/2012 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 12/27/2011


       Attorney:  ANDREWS CAMPBELL
       MOTION TO TAKE TESIMONY OF JAMIE MORRISON
01/20/2012 MOTION -  OTHER MOTION DENIED ON 12/27/2011
       M MICHAELA MURPHY , JUSTICE
       MOTION TO TAKE TESIMONY OF JAMIE MORRISON                          DENIED FOR
       REASONS STATED ON THE RECORD
01/20/2012 Charge(s): 1,2
       MOTION -  OTHER MOTION DENIED ON 12/23/2011
       M MICHAELA MURPHY , JUSTICE
       MOTION TO EXCLUDE TESTIMONY OF THOMAS MULKERN                      DENIED FOR
       REASONS STATED ON THE RECORD
01/20/2012 OTHER FILING -  OTHER DOCUMENT FILED ON 01/17/2012


       LETTER FROM STATE FORENSIC REGARDING UPCOMING EVALUATION DATE
01/20/2012 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 12/22/2011


       Attorney:  ANDREWS CAMPBELL
       MOTION TO ALLOW TESTIMONY OF JAMIE MORRISON IN DEFENSE            12/23/11
       PARTIES TO SUBMIT WRITTEN ARGUEMENTS AS TO THE ISSUE BY 8:00 AM 12/23/11.  FILE HARD COPY
       BUT ALSO E-MAIL
01/20/2012 OTHER FILING -  OTHER DOCUMENT FILED ON 12/27/2011

                DA:  ALAN KELLEY
                ARGUMENT RE: ADMITTING THE TESTIMONY OF JAMIE LYN MORRISON
01/20/2012 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/19/2012


01/20/2012 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 01/19/2012
                M MICHAELA MURPHY , JUSTICE
                COPIES TO PARTIES/COUNSEL
01/20/2012 Party(s):  RAYMOND BELLAVANCE
                ATTORNEY -  APPOINTED ORDERED ON 01/19/2012


                Attorney:  PAMELA AMES
01/20/2012 Party(s):  RAYMOND BELLAVANCE
                ATTORNEY -  LIMITED ENTERED ON 01/19/2012


                Attorney:  PAMELA AMES
01/20/2012 MOTION -  MOTION FOR NEW TRIAL FILED BY DEFENDANT ON 01/18/2012


                Attorney:  ANDREWS CAMPBELL
                AMENDED
01/20/2012 HEARING -  MOTION FOR NEW TRIAL SCHEDULED FOR 02/01/2012 at 08:30 a.m.


                NOTICE  TO PARTIES/COUNSEL
01/20/2012 HEARING -  MOTION FOR NEW TRIAL NOTICE SENT ON 01/20/2012


01/20/2012 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 01/04/2012


                Attorney:  ANDREWS CAMPBELL
                MOTION TO MAKE WITNESS THOMAS MULKERN AVAILABLE TO TESTIFY IN RESPECT TO MOTION FOR NEW
                TRIAL
01/20/2012 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 01/09/2012


                Attorney:  ANDREWS CAMPBELL
                MOTION TO SUBPOENA AND PRODUCE MEDICAL PSYCHIATRIC RECORDS OF THOMAS MULKERN PURSUANT TO
                M.R. CRIM. P. 17 (D) & MEMORANDUM
01/20/2012 HEARING -  OTHER MOTION SCHEDULED FOR 02/01/2012 at 08:30 a.m.


                MOTION TO MAKE WITNESS THOMAS MULKERN AVAILABLE TO TESTIFY IN RESPECT TO MOTION FOR NEW
                TRIAL
01/20/2012 HEARING -  OTHER MOTION SCHEDULED FOR 02/01/2012 at 08:30 a.m.


                MOTION TO SUBPOENA AND PRODUCE MEDICAL PSYCHIATRIC RECORDS OF THOMAS MULKERN PURSUANT TO
                M.R. CRIM. P. 17(D) & MEMORANDUM
01/20/2012 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 12/23/2011


                Attorney:  ANDREWS CAMPBELL
                MOTION FOR PROTECTED EVIDENCE
01/20/2012 MOTION -  OTHER MOTION GRANTED ON 12/23/2011
                M MICHAELA MURPHY , JUSTICE
                MOTION FOR PROTECTED EVIDENCE                              ON MOTION OF
                THE DEFENDANT, THE EXECUTIVE OR OTHER AUTHORIZED OFFICER OR RECORD KEEPER OF CRISIS AND
                COUNSELING FOR THE CARA PROGRAM, AND OF THOMAS MULKERN'S PARTICIPATION IN SAID PROGRAM, IS
                ORDERED TO PRODUCE SUCH RECORDS AT KENNEBEC COUNTY SUPERIOR COURT 45 STATE STREET IN
                AUGUSTA MAINE AT 8:30 AM DECEMBER 27, 2011, AND COUNSEL FOR DEFENDANT IS AUTHORIZED TO

SUBPOENA SAID RECORDS
01/20/2012 OTHER FILING - OTHER DOCUMENT FILED ON 12/23/2011
M MICHAELA MURPHY , JUSTICE
NOTICE OF IMMUNITY AND COURT ORDER TO PRODUCE EVIDENCE
01/20/2012 HEARING - OTHER MOTION NOTICE SENT ON 01/20/2012

MOTION TO SUBPOENA AND PRODUCE MEDICAL PSYCHIATRIC RECORDS OF THOMAS MULKERN PURSUANT TO
M.R. CRIM. P. 17(D) & MEMORANDUM
01/20/2012 HEARING - OTHER MOTION NOTICE SENT ON 01/20/2012

MOTION TO MAKE WITNESS THOMAS MULKERN AVAILABLE TO TESTIFY IN RESPECT TO MOTION FOR NEW
TRIAL
01/20/2012 MOTION - OTHER MOTION FILED BY DEFENDANT ON 01/06/2012

Attorney: ANDREWS CAMPBELL
MOTION FOR APPROVAL OF PSYCHOLOGICAL EXAMINATION OF THE DEFENDANT AND TRANSFER
01/20/2012 HEARING - OTHER MOTION SCHEDULED FOR 02/01/2012 at 08:30 a.m.

MOTION FOR APPROVAL OF PSYCHOLOGICAL EXAMINATION OF THE DEFENDANT AND TRANSFER
01/20/2012 HEARING - OTHER MOTION NOTICE SENT ON 01/20/2012

MOTION FOR APPROVAL OF PSYCHOLOGICAL EXAMINATION OF THE DEFENDANT AND TRANSFER
01/24/2012 MOTION - MOTION FOR EXTENSION OF TIME FILED BY STATE ON 01/24/2012

DA: ALAN KELLEY
01/24/2012 MOTION - OTHER MOTION FILED BY DEFENDANT ON 01/24/2012

Attorney: ANDREWS CAMPBELL
REQUEST FOR WRIT OF HABEAS CORPUS FOR THOMAS MULKERN FOR HEARING ON 2/1/12.
01/26/2012 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 01/25/2012
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL
01/30/2012 MOTION - OTHER MOTION GRANTED ON 01/27/2012
M MICHAELA MURPHY , JUSTICE
REQUEST FOR WRIT OF HABEAS CORPUS FOR THOMAS MULKERN FOR HEARING ON 2/1/12.ATTY SULLIVAN
IS APPOINTED TO REPRESENT MR. MULKERHN ON A LIMITED BASES TO ASSESS THE 5TH AMENDEMENT
ISSUES. IF MR. SULLIVAN UNAVAILABLE OR UNWILLINGTO REPRESENT HIM COUNSEL FOR MR MULKERHN
IS TO BE ASSIGNED ..WILL BE APPOINTED. WRIT TO ISSUE FOR MR MULKERHN.
01/30/2012 WRIT - HABEAS CORPUS TO TESTIFY ORDERED ON 01/27/2012
M MICHAELA MURPHY , JUSTICE
FOR THOMAS MULKERHN.
01/30/2012 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 01/30/2012

CERTIFIED COPY TO SHERIFF DEPT.
01/30/2012 LETTER - FROM NON-PARTY FILED ON 01/30/2012

NOTICE FROM STATE FORENSIC SERVICE INDICATING EXAMINATION SET FOR 2/8/12 AT 9:00 AM.
02/27/2012 ORDER - COURT ORDER ENTERED ON 02/27/2012
M MICHAELA MURPHY , JUSTICE
COMBINED ORDER ON MOTION FOR NEW TRIAL AND MOTION FOR JUDGMENT OF ACQUITTAL
02/27/2012 HEARING - MOTION FOR NEW TRIAL HELD ON 02/01/2012
M MICHAELA MURPHY , JUSTICE
Defendant Present in Court

02/27/2012 MOTION - MOTION FOR NEW TRIAL DENIED ON 02/27/2012
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
Clerk